UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MICHAEL PENN, JR.**                               **CIVIL ACTION**

**VERSUS**                                          **NO. 15-3434**

**STATE OF LOUISIANA**                              **SECTION "R"(1)**

### REPORT AND RECOMMENDATION

On or about August 10, 2015, petitioner, Michael Penn, Jr., filed the instant application seeking federal *habeas corpus* relief. On August 18, 2015, the Clerk of Court notified him that he must either pay the required filing fee or submit an application to proceed *in forma pauperis*, forwarded him a blank *in forma pauperis* application, and gave him a deadline of September 8, 2015 for compliance. There was no response.

On September 18, 2015, the undersigned then issued an order directing that, on or before October 9, 2015, petitioner either pay the required filing fee or submit an application to proceed *in forma pauperis*. He was warned that if he failed to comply with that order, the undersigned would recommend that this matter be dismissed. He did not comply.

Despite being given two opportunities to do so, petitioner has not paid the filing fee or submitted an application to proceed *in forma pauperis*. As a result, his petition was not properly filed. See Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Accordingly, it should be dismissed on that basis. See, e.g., Searls v. Cain, Civ. Action No. 08-928, 2008 WL 1745142 (E.D. La. Apr. 10, 2008).

### RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for *habeas corpus* relief filed by **Michael Penn, Jr.**, be **DISMISSED WITHOUT PREJUDICE** because he has neither

paid the required filing fee nor requested and been granted permission to proceed *in forma pauperis*.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this fourteenth day of October, 2015.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.